## VAUGHN et al. v. LYON et al.

No. 17829—Opinion Filed Feb. 1, 1927.

(Syllabus.)

**1. Covenants—Validity of Restrictions on Use of Real Estate.**

Covenants restraining the use of real property, although not favored, will nevertheless be enforced by the courts where the intention of the parties is clear in their creation, and the restrictions or limitations are confined within reasonable bounds. In construing such covenants, effect is to be given to the intention of the parties as shown by the language of the instrument, considered in connection with the circumstances surrounding the transaction and the object had in view by the parties.

**2. Appeal and Error—Review of Equity Case—Sufficiency of Evidence.**

In causes of purely equitable cognizance, it is within the power of the Supreme Court to consider the evidence and render judgment thereon, but the rule is well established that the Supreme Court will not interfere with the judgment of the lower court, unless the same is against the clear weight of the evidence.

Error from District Court, Tulsa County; R. D. Hudson, Judge.

Action by J. D. Lyon, Mary S. Murry, and Mayme B. Hennage against C. M. Vaughn, C. D. Heasley, and Standard Savings & Loan Association. Judgment for plaintiffs, and defendants' appeal. Affirmed.

Bicking & Wilson and Shirk, Danner & Mills, for plaintiffs in error.

Lashley & Rambo and Russell B. James, for defendants in error.

PHELPS, J.   In the year 1918, Nola Childers Tracy, the owner of certain lands contiguous to the city of Tulsa, caused the same to be platted as Childers Heights addition to the city of Tulsa. The addition consisted of some 15 blocks divided into lots, which were conveyed to various purchasers by warranty deeds containing, among other restrictions, the following clause:

"It is further covenanted and agreed by and between the parties hereto, their heirs and assigns, that said real estate for a period of ten years from April 24, 1918, shall not be used for other than residence purposes."

Upon lot 1 in block 8 of said addition, a large residence was constructed containing some 12 or 13 rooms, which property, at the time this action was commenced, was in the possession of plaintiffs in error, who were using the same as a hospital, whereupon the defendants in error, being also owners of property in the same addition and contiguous to the property in question, filed their action in the district court of Tulsa county, praying for injunctive relief to prevent plaintiffs in error from using the premises for a hospital in violation of the restrictive clause contained in the deed as above set out.

The district court found that the plaintiffs in error, who were defendants in the court below, were violating the provisions of the restrictions contained in the deed, and granted the injunction prayed for, to reverse which plaintiffs in error prosecute this appeal.

The contention of plaintiffs in error that they are not bound by the restrictive provisions of the deed conveying the real estate in question are presented under five different heads or propositions, among which are that limitations or restrictions contained in the conveyance of the fee are looked upon with disfavor and are construed most strictly against the party seeking to enforce them, which contentions are, without question, based upon the general rule of law and with which we have no quarrel. However, we have the expression of this court on that subject in Test Oil Co. v. LaTourette, 19 Okla. 214, 91 Pac. 1025, which is the only expression of this court to which our attention has been called, in the body of the opinion of which we find the following statement:

"Covenants restraining the use of real property, although not favored, will nevertheless be enforced by the courts where the intention of the parties is clear in their creation, and the restrictions or limitations are confined within reasonable bounds. In construing such covenants, effect is to be given to the intention of the parties as shown by the language of the instrument considered in connection with the circumstances surrounding the transaction and the object had in view by the parties. * * *"

We take it that the law is well settled that, where there is a general plan or scheme for the improvement or development of any particular tract of land, which scheme or plan is designed to make it more at-

tractive for residential purposes by placing certain restrictions upon the individual units of the property, either in the dedication of the plat covering same or in the deeds by which title is conveyed, that the owner of one lot may enforce such restrictions against the owner or occupant of another lot. Schafer v. Pantler (Mo. App.) 105 S. W. 668; Boyden v. Roberts (Wis.) 111 N. W. 701; Baker v. Lunde (Conn.) 114 Atl. 673. It cannot be questioned that it was the intention of Nola Childers Tracy, when she had this land platted and then had warranty deeds printed containing the restrictions sought to be enforced and conveyed title to practically all lots in the addition by the execution of such deeds containing such restrictions, to put in force a general plan or scheme for the improvement of this addition which would make it attractive for purchasers who contemplated erecting thereon expensive and high-grade homes, and we may safely presume that such restrictions were taken into consideration when the lots upon which the homes of the defendants in error were erected were purchased.

It is further contended by plaintiffs in error that, even if the restrictions sought to be enforced were valid and effective, the adjoining property owners have waived the right to have them enforced and are estopped to complain of the acts herein alleged to be violative of the restrictions for the reason that certain people occupying property covered by these restrictions have been keeping roomers in their homes and deriving profit therefrom, and that across the street from this property a rooming and apartment house has been established and near by a public school and grocery store have been erected.

The record discloses that in this vicinity some of the residents have, from time to time, rented rooms in their homes to private roomers, but that they never have been used as boarding houses nor their character as high-grade residences been changed, and that no building within the restricted area except the one about which complaint is made, has been used for any other purpose than that of a residence, and while it is contended by plaintiffs in error that the property in question is used as a residence, the record shows that Dr. Vaughn and his wife maintained living quarters in two or three rooms of the lower floor of the house, but that the remainder of the lower floor and all of the second floor are used exclusively as a hospital, where patients needing medical or surgical attention are taken for surgical operations and for care and treatment usually furnished in hospitals, and clearly shows a violation of the restrictions contained in the deed.

The trial court heard all the evidence and reached the conclusion that the restrictions contained in the deed had been violated and granted equitable relief, and under the well-settled rule that this court will not interfere with the finding and judgment of the trial court in matters of purely equitable cognizance unless the same are against the clear weight of the evidence, we must affirm the judgment of the district court.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 18 C. J. p. 385, §449; p. 387, §450; 7 R. C. L. p. 1115; 2 R. C. L. Supp. p. 513; 5 R. C. L. Supp. p. 438; 6 R. C. L Supp. p. 477. (2) 4 C. J. p. 897, §2867; p. 900. §2869; 2 R C. L. p. 204; 1 R .C. L Supp. p. 442.