## No. 12,378.

Chandler *v.* Ziegler et al.

(291 Pac. 822)

Decided June 16, 1930. Rehearing denied September 15, 1930.

1

Mr. S. Harrison White, Mr. Harold Clark Thompson, Mr. O. Otto Moore, for plaintiff in error.

Mr. Ernest Morris, for defendants in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

Mable K. Ziegler and Edward C. Ziegler, plaintiffs below, obtained a judgment for $400 against Lemuel V.

Chandler in an action for deceit. Chandler seeks a reversal of the judgment.

Chandler is a real estate dealer. He makes a specialty of acquiring large tracts of suburban real estate and dividing them into small tracts or lots and selling them. One of the tracts acquired by him is Kelton Heights in Jefferson county. He sold one of the lots (lot No. 13) in Kelton Heights to the Zieglers. The Zieglers allege that they bought the lot in reliance upon Chandler's representation that all of the lots in Kelton Heights were restricted so that they could be owned, leased or occupied by white persons only, and that all of said lots were restricted against colored people; that said representation was false, and known by Chandler to be false; and that there was no restriction whatever in the deed to lot No. 14, immediately adjoining the lot bought by the Zieglers. They also allege other facts necessary to a complete statement of a cause of action for deceit. Chandler denies that the representation made to the Zieglers was exactly as alleged by them, but admits that the representation made by him was, that all of the lots in Kelton Heights were restricted so that they could never be sold to, or owned, leased or occupied by, a colored person. He admits that prior to selling lot No. 13 to the Zieglers he owned and conveyed lot No. 14 "without any restrictions * * * in relation to those that might own, lease or occupy said premises," and that there were no restrictions upon the sale or occupancy of that lot.

1. Counsel for Chandler contend that the representation was not material. This contention is without merit.

2. It is said that the representation was not relied upon and was not the cause of the transaction. The verdict of the jury, based upon sufficient evidence, settles this question adversely to such contention.

3. We cannot sustain the contention that there was no evidence sufficient to go to the jury on the ques-

tion of damages. The witness Thompson, a licensed realtor, was Chandler's agent for the sale of lots in Kelton Heights and acted for Chandler in the sale of the lot to the Zieglers. He had lived in Kelton Heights for two years. He testified that the difference between the value of the Zieglers' lot as it was and as it would have been had the representation been true was $1,100. He did not say whether the value would have been that much more or that much less had the representation been true, but from other evidence it is clear that he meant the former. Much of the evidence on this subject is open to criticism, but some of the evidence is not.

4. Another contention is that the action, so far as it is based upon the representation that the lots were restricted so that they could be owned by white persons only, cannot be maintained, because if such a restriction had been inserted in a deed conveying a fee simple title it would be repugnant to the estate conveyed and would be contrary to public policy, and for these reasons would be void.

Where an estate in fee simple is conveyed, a provision that the grantee shall never convey the title to the property is void. Where, however, the restraint is only partial as to persons or is limited in time, the authorities are in conflict respecting the validity of the restraint. A person owning a body of land and selling part of it may, for the benefit of his remaining land, lawfully impose certain restrictions upon the use or occupancy of the land sold. 7 R. C. L., p. 1114, §30. Thus, we have held that a condition in a deed conveying an estate in fee simple that intoxicating liquors shall never be manufactured, sold or otherwise disposed of as a beverage in any place of public resort in or upon the conveyed premises is a valid, enforceable condition. *Cowell v. Colorado Springs Co.*, 3 Colo. 82. In that case we approved the reasoning in *Plumb v. Tubbs*, 41 N. Y. 442, which need not be repeated here. It has been held that each of the following restrictive conditions in deeds is

valid: "That a school house should not be erected on the premises, or a distillery, or a blast furnace, or a livery stable, or a machine shop for iron manufacture, or a powder magazine, or a hospital, or a cemetery." See opinion in *Plumb v. Tubbs, supra.* A restriction against the *occupancy* of premises by negroes is valid. *Janss Investment Co. v. Walden,* 196 Cal. 753, 239 Pac. 34; *Parmalee v. Morris,* 218 Mich. 625, 188 N. W. 330; *Koehler v. Rowland,* 275 Mo. 573, 205 S. W. 217.

A person who owns a tract of land and divides it into smaller tracts for the purpose of selling one or more may prefer to have as neighbors persons of the white, or Caucasian, race, and may believe that prospective purchasers of the several tracts would entertain a similar preference, and would pay a higher price if the ownership were restricted to persons of that race. Surely, it is not unreasonable to permit such a person to insert in his deeds a provision restricting not only the occupancy but also the ownership of the tracts conveyed by him.

Such a restriction would not violate any right protected by the Fourteenth Amendment to the Constitution of the United States. That amendment prohibits state action only; it has no application to discriminatory provisions in deeds or wills. *Civil Rights Cases,* 109 U. S. 3, 3 Sup. Ct. 18. In *Corrigan v. Buckley,* 271 U. S. 323, 46 Sup. Ct. 521, the court, referring to the Fifth, Thirteenth and Fourteenth Amendments, said: "It is obvious that none of these Amendments prohibited private individuals from entering into contracts respecting the control and disposition of their own property."

According to what we consider the better rule, such a restriction as we are discussing is not contrary to public policy. In *Corrigan v. Buckley,* 55 App. D. C. 30, 299 Fed. 899, the owners of adjacent land covenanted that for the period of 21 years "no part of the land * * * shall ever be used or occupied by, or sold, conveyed, leased, rented, or given to, negroes, or any person or persons of the negro race or blood." The defendant, in

6

violation of the covenant, entered into a contract to sell, and was about to convey, a house and lot to a negro. An injunction restraining the defendant from making the conveyance was upheld by the Court of Appeals of the District of Columbia. It was held that the covenant was not only not violative of the Fourteenth Amendment but was not contrary to public policy. The covenant was held to be valid and enforceable. The same court applied the same rule where there was no limitation as to time. *Russell v. Wallace,* 58 App. D. C. 357, 30 Fed. (2d) 981; *Cornish v. O'Donoghue,* 58 App. D. C. 359, 30 Fed. (2d) 983. And see *Torrey v. Wolfes,* 56 App. D. C. 4, 6 Fed. (2d) 702.

Nor, in our opinion, is such a restriction void for repugnancy to an estate in fee simple. The decision in *Cowell v. Colorado Springs Co., supra,* was affirmed by the Supreme Court of the United States. *Cowell v. Colorado Springs Co.,* 100 U. S. 55, 25 L. Ed. 547. In the opinion Mr. Justice Field said: ''The validity of the condition is assailed by the defendant as repugnant to the estate conveyed. His contention is, that as the granting words of the deed purport to transfer the land, and the entire interest of the company therein, he took the property in absolute ownership, with liberty to use it in any lawful manner which he might choose. With such use the condition is inconsistent, and he therefore insists that it is repugnant to the estate granted. But the answer is, that the owner of property has a right to dispose of it with a limited restriction on its use, however much the restriction may affect the value or the nature of the estate. Repugnant conditions are those which tend to the utter subversion of the estate, such as prohibit entirely the alienation or use of the property. Conditions which prohibit its alienation to particular persons or for a limited period, or its subjection to particular uses, are not subversive of the estate: they do not destroy or limit its alienable or inheritable character.'' So far as it refers to alienation, the language, it is true,

is dictum, but, although it has been criticised (*Title Guarantee & Trust Co. v. Garrott,* 42 Cal. App. 152, 183 Pac. 470), we believe that it states the better rule.

■ We hold that the restrictions to which Chandler represented that the property was subject would not have been void had they been inserted in the deed to lot No. 14, and that the false representation that all of the lots in Kelton Heights were subject to such restrictions subjects Chandler to liability in this action.

■. 5. An error in the instruction on the measure of damages necessitates a reversal of the judgment. The measure of damages where the property would be more valuable had the representation been true, is the difference between the actual value of the lot at the time of its purchase and what its value would have been had the representation been true. *Nielsen v. Hansford,* 78 Colo. 456, 242 Pac. 677. The instruction directed the jury to allow additional damages "sustained by reason of annoyance and inconvenience" suffered by the Zieglers. After the Zieglers bought lot No. 13, a Japanese bought and occupied lot No. 14. The Zieglers testified that the man sold some fireworks on the 4th of July; that boys shot off fireworks around the place; that a building on lot No. 14 obstructed the Zieglers' view; that visitors called next door, and this was annoying; that all kinds of trash was piled up on lot No. 14; that the fact that the Japanese family lived next door annoyed them. Such were the "annoyance and inconvenience" for which the jury was permitted to assess damages. Not one of such matters constitutes an element of damages recoverable in this action.

There is no necessity for a retrial of all the issues. The sole question of damages should be submitted to a jury under proper instructions.

The judgment is reversed, and the cause is remanded for a new trial on the question of damages only.