## MAGNOLIA PETROLEUM CO. v. DRAUVER et al.

No. 27980.   Oct. 25, 1938.

Blakeney, Wallace, Brown & Blakeney and Everest, McKenzie & Gibbens, for plaintiff in error.

T. F. Weiss and Jarman, Brown, Looney & Watts, for defendants in error.

GIBSON, J. This action was commenced in the district court of Oklahoma county by the defendants in error to restrain plaintiff in error from erecting an automobile service station in Crestwood addition to Oklahoma City as a violation of the restrictions contained in the plat and dedication of said addition. From a judgment granting permanent injunction, this appeal is taken. The parties will be referred to in the order of their appearance at the trial.

The premises owned by defendant and particularly involved here are described as lots 33, 34, 35, and 36, block 18, Crestwood addition to Oklahoma City. These lots comprise a portion of a quarter section of land described as the northwest quarter of section 30, township 12 north, range 3 west. In the year 1910 this land was owned by B. D. Jones and others, who by warranty deed conveyed the same to Oklahoma City Investment Company. That company executed a mortgage to Jones and his co-grantors. Thereafter said company executed a deed to the Ellis Place Investment Company, and the latter thereupon platted and dedicated the entire quarter section as Ellis Place addition. This plat and dedication were filed for record September 24, 1910.

Numerous lots in that addition were thereafter sold to different parties, and the mortgage thereon held by Jones and his associates as aforesaid released so far as the same affected the property sold. All of block 18, of which defendant's lots are a part, together with certain other entire blocks and other lots, were thus sold and the mortgage released thereon. The aforesaid mortgagees later foreclosed the mortgage, and, in the year 1914, received a sheriff's deed in due course conveying to them the entire quarter section, less the lots theretofore sold.

The dedication of Ellis Place addition contained the following restriction:

"No building shall ever be used or occupied for any purpose except for that of private residence exclusively, nor shall any part or portion thereof ever be used for business or trade of any kind whatsoever."

Certain lots are therein excepted from the operation of the restriction, but block 18 is not included in such exception.

Subsequent to the execution of the above-mentioned sheriff's deed a number of plats and dedications purporting to include this entire quarter section were filed by the owners or purported owners thereof, each assuming to replat and rededicate the land as an addition under a different name. The last thereof was Crestwood addition.

It appears, however, that the lots sold under the original plat of Ellis Place were carried along in these subsequent plats under their original lot and block numbers, the original area thereof remaining undisturbed. While some of these later plats and dedications purported to include block 18, neither the original grantees of the lots therein nor their grantees have ever released the former restrictions, nor have they committed any act of rededication inconsistent with said restrictions. Some, if not all, of the plaintiffs in this action are grantees of the original purchasers of lots in block 18 of Ellis Place addition.

Large portions of the briefs are devoted to argument concerning the effect of these later plats and dedications, but, as we view the matter, that question is not material to a determination of the issues here involved.

In its assignments of error defendant charges that the judgment of the trial court is contrary to law and not supported by the evidence.

We agree with defendant's first proposition as stated, that, as a fundamental principle of law of real property, restrictions on the alienation and use of land are not favored, and all doubt should be resolved in favor of the free use of property. 18 C. J. 385; 7 R. C. L. 1115; Test Oil Co. v. LaTourette, 19 Okla. 214, 91 P. 1025; Vaughn v. Lyon, 122 Okla. 179, 252 P.

1088; Cooke v. Kinkead, 179 Okla. 147, 64 P.2d 682; section 9698, O. S. 1931 (16 Okla. St. Ann. sec. 29). Every estate in land granted by deed is deemed an estate in fee simple, unless limited by express words (section 9698, supra); and, in view of that statute, we held in Cooke v. Kinkead, above, as follows:

"Restrictions on the use of property, being in derogation of the fee conveyed, will not be extended by implication to include anything not clearly expressed."

The rule so announced was applied in that case to restrictions contained in a plat and dedication limiting the use of the property therein described.

But, if restrictions in a dedication of a townsite are clearly expressed, and are not repugnant to positive law, they are binding upon all parties purchasing the land. However, it should be remembered and taken into account that such restrictions as here considered are not intended wholly to deprive the grantees of some specified beneficial use of the property, but are intended primarily to redound to the mutual benefit and profit of the owners of the land. Southwest Petroleum Co. v. Logan, 180 Okla. 477, 71 P.2d 759. Restrictions of the character here considered could be meant for nothing other than for the common benefit of the purchasers of the lots. The purchasers having assented to such restrictions, they and their assigns may ordinarily enforce them inter sese for their own benefit.

As its second proposition, defendant says that block 18 was not burdened with any covenants or restrictions running with the land. It is contended in this behalf that "the mortgage on this quarter section having been executed prior to the platting of Ellis Place addition, when the mortgage was foreclosed and the property sold, the plat of Ellis Place addition was also foreclosed and went out with the judgment, and block 18 was freed of restrictions."

Counsel would support the foregoing argument by the following decisions: Sullens v. Finney (Md.) 91 Atl. 700; Boyd v. Park Realty Corporation (Md.) 111 Atl. 129; City of Alton v. Fischback (Ill.) 55 N. E. 150; Gregory v. City of Ann Arbor (Mich.) 86 N. W. 1013.

Of those cases Boyd v. Park Realty Corporation seems more nearly in point here. In that case certain land, then subject to mortgage, was platted for townsite purposes. A number of lots were sold and the mortgage thereon released. Later the mortgage was foreclosed as to all remaining lots unsold. It appears that the purchaser at the sheriff's sale or his assigns continued to sell lots in the addition. The defendant Boyd entered into a contract with the owner to purchase, free from all incumbrances and charges, certain lots so foreclosed. Upon discovering that certain restrictions appeared in the deeds executed prior to the foreclosure, Boyd refused to perform, claiming that his lots would be subject to such restrictions, which, he asserted, constituted a part of a general plan of development and therefore binding upon him if he should purchase the lots, and for that reason the grantor could not convey a title in fee clear of all charges as contracted. The owner sued for specific performance, and, on appeal, the court held that Boyd's defense as above stated was not available.

According to the language of the court in that case, the original promoter had adopted a general plan for the development of the addition, and that the restriction on use appearing in the deeds constituted a part of that plan and, being a part of the general plan, the same entered into each transaction as a part of the consideration, affording to the grantees the right, ordinarily, to enforce the restrictions inter sese. But it was held that this general scheme of development was subject to the existing mortgage upon the premises, and that the restrictions thus imposed were foreclosed and destroyed by the foreclosure of the mortgage, unless the mortgagee in some manner had been estopped from questioning the same. Since the question of estoppel had not been raised, the court concluded that the restrictions were no longer binding upon the different grantees in the deeds, and were unenforceable inter sese, thus making it possible for the plaintiff to convey to defendant Boyd free from such restrictions as the contract provided, leaving Boyd without defense to the action for specific performance.

We agree that a prior mortgagee, in the absence of estoppel, would not be bound by subsequent restrictions placed upon the property; but we cannot agree that the dedicatory restrictions on townsite lots are destroyed and rendered unenforceable as among the owners thereof by the mere foreclosure of a prior mortgage where such lots have been duly released from the lien of the mortgage and do not pass under the sheriff's deed. While in the absence of estoppel the foreclosure may destroy the

restrictions on the lots foreclosed, it in no way affects the title, estate, or interest conveyed to the grantees of those lots that were released from the mortgage. If such restrictions are to become inoperative as between the owners of the lots sold free from the mortgage, then some circumstance must be shown from which it may be determined that the restrictions have been renounced or abandoned by the owners of such lots to that degree where the enforcement thereof by the owners inter sese would be inequitable, or that a change of conditions has intervened.

In reality that was the controlling circumstance in the Boyd Case, above. The court there adopted the theory that to enforce the restrictions as against a few lots scattered throughout the addition, while the remaining lots were not so restricted, would be inequitable.

It is not shown in this case that the restrictions as contained in the original plat and dedication have not at all times been observed and respected by the different owners of all the lots in the tract covered by said plat. In fact, it is shown that none of said lots has heretofore been used in a manner contrary to the original restrictions. While some owners in the neighborhood may not be bound by the original restrictions, it is shown that all lots in block 18 are subject thereto; all have common restrictions that would ordinarily be enforceable by the owners among themselves.

It may be true that as a result of the foreclosure of the mortgage these owners in block 18 lost their right to claim the benefits of the restrictions as against the lots foreclosed, thus limiting to a smaller area than was first contemplated the benefits they and their grantors had originally anticipated. But the mere foreclosure of the mortgage did not destroy their right to claim the benefit of the restrictions as among themselves.

No unrestricted lots are interspersed among the restricted ones in block 18. The existence of such unrestricted lots in said block might be said to be sufficient to render inoperative the original plat restrictions, since the unrestricted use thereof might possibly defeat the purposes for which the restrictions were intended.

Under the decision in the Boyd Case, above, such a situation might well be considered as a circumstance tending to show that a continuance of the original restrictions would be impractical and therefore inequitable as an unjust burden upon the owners of such lots. That some lots farther away may have been released from the restrictions is not sufficient to warrant a conclusion that such restrictions are destroyed as to all. In the absence of a showing that some of the lots in the block are legally released from the restrictions, or a showing that the owners have allowed the restrictions to be violated to such a degree as to amount to unrestricted use, we cannot say that one owner who now attempts to exercise a free use of his lot has been denied his legal or equitable rights if he is restrained in the unrestricted use of such lot. But we hold that to permit such use would result in an inequitable, if not wholly illegal, infringement of the rights of the other owners. We so conclude for the reason that there is no sufficient showing here that the original purpose and intent of the restrictions have been altered or destroyed by changed conditions, and there is not sufficient evidence that the original purpose cannot be accomplished as to the owners of block 18, and that substantial benefits may not yet inure to the residents of said block by the enforcement of said restrictions. Southwest Petroleum Co. v. Logan, supra.

The other decisions cited above and relied on by defendant are not sufficiently in point here to warrant further discussion.

The city ordinance, No. 4654, purporting to rezone block 18 for purposes other than residential, does not supersede the original plat restrictions on said block so as to prevent the enforcement of such restrictions. Southwest Petroleum Co. v. Logan, supra.

The judgment of the trial court granting injunction is not against the clear weight of the evidence, and the same is therefore affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, and DAVISON, JJ., concur.