No. 14,441.

STEWARD *v.* CRONAN ET AL.

(98 P. [2d] 999)

Decided January 22, 1940.   Rehearing denied February 13, 1940.

Mr. GEORGE G. ROSS, for plaintiff in error.

Mr. GOLDING FAIRFIELD, Mr. JAMES A. WOODS, for defendant in error Cronan.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error, a colored person or negro, who also was plaintiff below, sought to quiet title to certain real estate in the city of Denver on which he held a purchase contract obtained from the widow of one of the covenantors, and to have declared void a certain restriction agreement under which persons of his race were prohibited from occupying premises in the restricted area. In the trial below all of the property owners who were parties to the agreement were named as defendants, but only two of them answered. Plaintiff demurred to the answer, and, the demurrer being overruled,

he elected to stand thereon, whereupon judgment was entered against him which he seeks to reverse on writ of error. While the reason for the nonappearance of the other defendants is not disclosed, it is probable that since the restriction expires in 1941 they were no longer interested. The trial court refused to enter default against any of the defendants who did not appear and adjudged in favor of the two appearing.

The restrictive covenant agreement was executed by a small group of Caucasians who owned real estate in block 39, Schinner's Addition to Denver, its pertinent clause being as follows: "The undersigned for themselves and their heirs and assigns covenant and agree not to sell or lease the said above described lots and parcels of land owned by them respectively, or any part thereof, to any colored person or persons, and covenant and agree not to permit any colored persons or person to occupy said premises during the period from this date to January 1, 1941."

Plaintiff contends that the restriction is void because: 1. It is vague, indefinite, unreasonable, discriminating, and inequitable. 2. It is a personal covenant and, therefore, does not run with the land. 3. It is an unlawful restraint on alienation and is repugnant to the interest conveyed. 4. It violates both state and federal Constitutions and is against public policy. He further contends that the opinion in *Chandler v. Ziegler*, 88 Colo. 1, 291 Pac. 822, is obiter dictum as applied to the facts in this case.

We shall consider only the last contention, because we are of the opinion the Ziegler case is applicable, and hence stare decisis.

The pertinent restrictions involved in the Ziegler case, considered in connection with the representations upon which plaintiffs therein relied, were not substantially different in language from those in the case at bar.

Plaintiff seeks to emphasize what he asserts is the fact, that the main question in the Ziegler case was one

of fraud and deceit, but such attempted distinction is not apparent. The fraud in that case went directly to the proposition of the restriction involved which became the essence of the litigation.

No new decisions touching the question here under consideration are cited by plaintiff which have been announced since the Ziegler opinion was reported.

Judgment affirmed.

MR. JUSTICE OTTO BOCK not participating.