## LYONS v. WALLEN.

No. 30851. Dec. 8, 1942.

*133 P. 2d 555.*

W. F. Wilson, Jr., of Oklahoma City, for plaintiff in error.

Deupree & McCabe and Sibel & Leaming, all of Oklahoma City, for defendant in error.

PER CURIAM. This action involves the effect of a contract entered into by the owners of approximately 70% of the lots in block 38, Maywood addition to the city of Oklahoma, restricting the transfer by sale, lease, or grant of any of the lots covered by said agreement, or any interest therein, to any person or persons of the Negro or African race.

The contract as executed was placed of record in the office of the county clerk July 31, 1926. This action was commenced by defendant in error, J. W. Wallen, hereinafter referred to as plaintiff, the owner of three of the lots covered by said agreement, against plaintiff in error S. D. Lyons and R. C. Newsom and Art M. Ramstad, alleging violation of said contract by defendants Newsom and Ramstad in that they had by deeds attempted to convey certain lots covered by said agreement then owned by them to defendant S. D. Lyons, a person of the Negro or African race.

The relief sought was the cancellation of said deeds to defendant Lyons and for an injunction against defendants Newsom and Ramstad perpetually enjoining them from selling, leasing, renting, or granting in any manner the lots owned by them to any person or persons of the Negro or African race, and to enjoin defendant Lyons from going

into possession of said lots or exercising ownership or control thereof, and for attorney's fees as provided in said contract.

Defendants filed separate answers. The answer of defendant Ramstad was a general denial. The answer of defendant Newsom was a general denial with the admission that he became the owner of two of the lots involved and that on March 10, 1941, he did convey the same to S. D. Lyons. He then alleged that the contract relied upon by plaintiff is null and void and never became effective because not properly executed, and because said contract by its terms provided that it should become effective when executed by the owners of all lots in said block, and that the same was never executed by all the owners of all the lots in said block.

The answer of defendant Lyons was substantially the same as that of defendant Newsom, and in addition he alleged that said contract, if ever effective, had ceased to be so by reason of changed conditions, in that certain blocks immediately to the south, southeast, and east of said block 38 had, since 1926, become largely owned and entirely occupied by persons of the Negro or African race. By amendment he further alleged that the contract relied upon is void and contrary to public policy and constitutes a restraint against alienation of real property contrary to law.

The issues so joined were tried partly upon an agreed statement of facts and partly upon stipulations as to what the testimony of certain witnesses would be if present.

Decree was for plaintiff canceling the deeds in question, allowing costs and attorney's fees to plaintiff, making the same a lien on the lots involved, and ordering same sold to satisfy the costs, etc., and allowing defendant Lyons a lien on the lots to the extent of the amount he had paid for same. The lien of defendant Lyons was made subject to the lien of plaintiff. From this decree defendant Lyons alone appeals.

After the appeal was perfected S. D. Lyons died and the cause has been revived in the name of Mary J. Lyons, special administratrix.

It is first asserted that the rule is that restrictions on the sale of land are not favored in law and must be strictly construed against the person seeking to enforce them. In support of this assertion defendant cites 18 C. J. 385. This is conceded to be the rule by plaintiff, but he points out that the rule does not go to the extent that such restrictions will not be enforced in any circumstances.

In Vaughn v. Lyon, 122 Okla. 179, 252 P. 1088, it is said:

"Covenants restraining the use of real property, although not favored, will nevertheless be enforced by the courts where the intention of the parties is clear in their creation, and the restrictions or limitations are confined within reasonable bounds. In construing such covenants, effect is to be given to the intention of the parties as shown by the language of the instrument, considered in connection with the circumstances surrounding the transaction and the object had in view by the parties."

See, also, Magnolia Petroleum Co. v. Drauver, 183 Okla. 579, 83 P. 2d 840; Southwest Petroleum Co. v. Logan, 180 Okla. 477, 71 P. 2d 759; Van Meter v. Manion, 170 Okla. 81, 38 P. 2d 557.

Defendant cites and relies upon Christie v. Lyons, 173 Okla. 158, 47 P. 2d 128; Veal v. Hopps, 183 Okla. 116, 80 P. 2d 275; Caudle v. Olive, 185 Okla. 596, 95 P. 2d 615.

In Christie v. Lyons, supra, the contract relied upon provided that it should take effect and be in force when executed by the owners of 9/10ths of the lots in the block involved. The contract was held ineffective because not signed by the owners of 9/10ths of the lots.

In Veal v. Hopps, supra, the contract was held ineffective for the same reason. Caudle v. Olive, supra, is also a case where the contract called for the signatures of the owners of 9/10ths of the lots in the block, and the contract

was held ineffective for the reason that there was never the requisite number of signatures at any one time to put the contract into effect.

The contract here under consideration is different. It provides:

"This contract shall take effect and be in full force when executed by the owners of the lots in said block, and may then be placed of record; and shall continue in force for a period of ninety-nine years from the date of said filing."

Defendant contends that this means that the contract should take effect only when executed by all of the owners of the lots in the block. This is not the meaning of the contract. The contract clearly contemplates that it should be effective as between the owners who did sign when filed for record, for the reason that after the above clause quoted the contract further provides: "and any and all other lots in said block may be brought under this agreement subsequently, the execution thereof by the owners of such lots, bringing them under all the obligations and entitling them to all the privileges of the first signers hereto."

Glaze v. Drawver, 189 Okla. 402, 117 P. 2d 544, is a case where a contract substantially the same as the one in Christie v. Lyons, supra, was enforced upon a showing that the owners of more that 9/10ths of the lots in a block had executed the contract. There, however, it appears to have been stipulated that the contract was binding if it had the requisite number of signers.

Contracts of the nature of the one here involved are not void as against public policy. Meade v. Dennistone (Md.) 196 Atl. 330, 114 A.L.R. 1227 and Annotations, p. 1237.

Such contracts are not prohibited by the Fifth, Thirteenth, and Fourteenth Amendments to the federal Constitution. Corrigan et al. v. Buckley, 271 U. S. 323, 46 S. Ct. 521, 70 L. Ed. 969.

Covenants such as are here involved, whether in deeds of conveyance or in contracts between individual owners, are generally upheld. Corrigan v. Buckley, 271 U. S. 323, 46 S. Ct. 521, 70 L. Ed. 969; Torrey v. Wolfes, 6 Fed. 2d 702; Russell v. Wallace, 30 Fed. 2d 981; Cornish v. O'Donogue, 30 Fed. 2d 983; Edwards v. West Woodridge Theater Co., Inc., 55 Fed. 2d 524; Koehler v. Rowland, 275 Mo. 573, 205 S. W. 217, 9 A.L.R. 107; Queensborough Land Co. v. Cazeaux (La.) 67 So. 641; Chandler v. Ziegler, 88 Colo. 1, 291 P. 822; Porter v. Johnson, 232 Mo. App. 1150, 115 S. W. 2d 529; Steward v. Cronan, 105 Colo. 393, 98 P. 2d 999.

On the issue of change of conditions there was no evidence and the agreed statement of facts does not touch that issue.

Defendant finally contends that the principles of equity are not served by enforcing a contract when by such enforcement the general intention of the parties cannot be accomplished. In this connection defendant contends that since the contract was not signed by the owners of all the lots in the block, it could not accomplish the purpose intended by those who did sign. The cases relied upon under this contention for the most part involve contracts and fact situation the same or similar to those involved in Christie v. Lyons, supra. They were contracts which required the signature of all or a certain per cent of the lots in the territory covered by the contracts. We have held that the contract clearly contemplates that it should be effective as to the lots the owners of which had executed the contract. Paragraph 7 of the agreed statement of facts is that at the time of the trial there were no Negroes living in the block, and aside from the defendant Lyons no Negroes ever had or claimed title to any of the lots in said block since July 31, 1926.

Under the facts shown in the record and the great weight of authority, the decree herein should be, and is, affirmed.

WELCH, C. J., CORN, V. C. J., and BAYLESS, GIBSON, and DAVISON, JJ., concur. OSBORN, RILEY, HURST, and ARNOLD, JJ., absent.