HEMSLEY v. SAGE et ux.

No. 31591. Nov. 28, 1944.

Rehearing Denied Dec. 19, 1944.

*154 P. 2d 577.*

Jack W. Page and Gerald Spencer, both of Oklahoma City, for plaintiff in error.

Howell, Deupree & Debois and Richard R. Linn, all of Oklahoma City, for defendants in error.

BAYLESS, J. Andrew L. Sage and wife, the owners of lots 6 and 7, block 21, Oak Park addition to Oklahoma City, sued in the district court of Oklahoma county to enforce a contract against Florence L. Hemsley and Lessie Jones, owner and tenant, respectively, of lots 18 and the east 2½ of 19, in the same block. The contract was executed by their predecessors in title, and bound the signers thereof, and their successors and assigns, "When executed by the owners of fifty-one per cent of the lots in said half block," not to "sell, lease, give away, or permit the use of" any property in the north one-half of said block to "any person or persons of the Negro or African race."

The documentary evidence shows that there are 20 lots in that part of block 21 lying north of the alley running east and west between 8th and 9th streets, and facing north on 9th street between Laird avenue to the east and Phillips avenue to the west. These lots, as platted, are uniformly 25 feet wide and 140 feet long. The contract was signed by the owners of 14 lots and a fraction of another. By simple calculation this meets the 51% condition mentioned above. The evidence tended to show that Lessie Jones is a member of the Negro or African race. Judgment was for plaintiffs, and defendants appealed.

Defendants urge that the evidence is insufficient to establish the contract or

a violation of its provisions. They do not urge that point with any degree of stress. Our examination of the record convinces us there is sufficient evidence to make the findings of the trial court conclusive as the verdict of a jury would have been on the same record.

It is next urged on the strength of Allen v. Oklahoma City, 175 Okla. 421, 52 P. 2d 1054, that contracts such as this are void as offensive to our Constitution. However, defendants say that they recognize that the issue in that case differs from the issue here and the similar issue in Lyons v. Wallen, 191 Okla. 567, 133 P. 2d 555. This is correct. The difference lies in the constitutional right of property owners to contract to impose restrictions on the sale, lease, or use of their real property (Lyons v. Wallen, supra; Corrigan v. Buckley, 271 U. S. 323, 70 L. Ed. 969, and the annotation 114 A.L.R. 1237), and the lack of a right or power of a government to legislate to like effect, Allen v. Oklahoma City, supra, and Buchanan v. Warley, 245 U. S. 60, 61 L. Ed. 149. The trial court's judgment is correct in its application of the law.

Defendants argue, as a mixed question of fact and law, that the description north one-half of said block is no legal description, and at most represents an arbitrary designation that is not intelligible. They offer no authority to support this. They content themselves by asserting that there is no method for determining what is the north half of the block. This argument does not impress us.

Courts take judicial notice of towns, and of the platted blocks, lots, parks and streets and alleys. 20 Am. Jur. 78. In this state references to fractions of a block, such as "quarter blocks" and "half blocks" (St. L. & S. F. Ry. Co. v. City of Tulsa, 15 Fed. 2d 960, and City of Tulsa v. McCormick, 63 Okla. 238, 164 P. 985) are used, and the use is approved. The lines for the location of those fractions are based on the lines specified in the plats. The rule generally is, that plats must be construed according to their plain meaning. Mc-

Quillin, Munc. Corps. (2d Ed. Rev.) § 1683; Roads & Streets, Elliott (3d Ed.) § 743. For uses of the words "north half," "north part," and "north one-third" as applicable to descriptions of platted or surveyed land, see 28 Words & Phrases (Perm. Ed.) 764. All of the authorities say the test of the sufficiency of a description of land is whether a competent surveyor can locate the land therefrom. Watts v. Merriweather, 184 Okla. 32, 84 P. 2d 643; McQuillin, Munc. Corps., supra, § 1682, citing C. & Y. Co v. Minn., 123 Minn. 344, 144 N.W. 150. The reference in this contract to the fraction of the block meets this test.

The judgment is affirmed.

GIBSON, V.C.J., and RILEY, HURST, and ARNOLD, JJ., concur.