HEMSLEY et al. v. HOUGH.

No. 31656. March 27, 1945.

*157 P. 2d 182.*

Jack W. Page and Gerald Spencer, both of Oklahoma City, for plaintiffs in error.

Howell, Deupree & DeBois and Richard R. Linn, all of Oklahoma City, for defendant in error.

PER CURIAM. Emma G. Hough, hereinafter called plaintiff, commenced this action against Florence L. Hemsley et al. to cancel a rental or lease agreement made with members of the Negro race in a restricted area consisting of one block and to enjoin the violation of the restrictive agreement entered into by a majority of the lot owners and for attorney fees. Trial to the court resulted in a judgment for the plaintiff, and the defendants Florence L. Hemsley and Ernest C. Noffsinger appeal.

The record discloses that the block involved 40 lots; that the restrictive agreement was required to be signed by nine-tenths of the lot owners, or 36 in number of the owners of the lots in said block, to become effective.

This action is in all respects similar to Hemsley v. Sage, 194 Okla. 669, 154 P. 2d 577, and the opinion therein has to a large extent, determined the issues involved in the case at bar.

However, in the case at bar there is presented the proposition, (1) that the evidence shows that the restrictive contract was not executed by nine-tenths of the owners of the lots in the block. Lots 39 and 40 are not included among the signers and it is agreed that lots 31 and 32 are to be excluded. This leaves in question lots 3 and 4. It is the contention of the defendants that the former owners of lots 3 and 4, A. R. Sizemore and his wife, never executed the contractual restrictive agreement. Defendants offered witnesses who it is claimed would testify that A. R. Sizemore and his wife did not appear before the notary public and did not duly acknowledge the execution of the instrument. The court excluded the offered testimony, and we think properly so. There was no attack upon the contract by the defendants in the pleadings. Assuming, without deciding, that the instrument had to be acknowledged by each signer thereof in order to validate the same as to lots 3 and 4, defendants were required, in order to attack the allegation of the due execution of said instrument, to plead and verify the answer to that effect. 12 O.S. 1941 § 288.

The second and final proposition is an attack upon the constitutionality of the contract. It is agreed that if Lyons v. Wallen, 191 Okla. 567, 133 P. 2d 555, is permitted to stand, this

proposition is without substantial merit. It was followed in Hemsley v. Sage, supra, and as pointed out in Lyons v. Wallen, supra, it was similarly held prior to the determination by this court of Allen v. Oklahoma City, 175 Okla. 421, 52 P. 2d 1054. As stated in Lyons v. Wallen, supra, the holding in Allen v. Oklahoma City in no way affected the validity of the restrictive contractual agreements such as are involved in the case at bar.

We adhere to the opinions above referred to relating to this proposition.

The judgment of the trial court is affirmed.