## WOOD v. REED.

No. 32008. Feb. 19, 1946.

*166 P. 2d 85.*

David A. Kline, of Oklahoma City, for plaintiff in error.

Thompson & Braly, of Ada, for defendant in error.

PER CURIAM. This action was commenced by L. K. Reed, hereinafter called plaintiff, to cancel six notes for $500 each executed in connection with the purchase of a partnership interest of the defendant B. G. Wood. This is the third appeal. See Reed v. Wood, 190 Okla. 169, 123 P. 2d 275; Wood v. Reed, 193 Okla. 356, 144 P. 2d 108.

Plaintiff's theory of the case was that in the sale of his interest in the property he had been defrauded, first, by the concealment as to the condition and value of Wood's interest; second, as to the indebtedness due to a corporation in which the defendant and one Watson were interested, known as the Wood-Watson Machine Works.

The first case was reversed for two reasons: First, because Wood had prepared a letter indicating that the Wood-Watson Machine Works was heavily in debt and that the drilling company would be forced into litigation because of this indebtedness; second, because Wood included in the transaction a claimed indebtedness of approximately $3,200 alleged to be due from the drilling company to the Wood-Watson Machine Works. In the first case the court held that the letter written by Wood was a trick and device fraudulent in nature which would authorize a court of equity to cancel the notes executed in consideration of the purchase by the plaintiff of the interest of defendant. The court held that there was no evidence of the authority of Wood to settle or release the alleged claim for approximately $3,200 and reversed and remanded the cause for further proceedings not inconsistent with the opinion.

In the second opinion the court held that since Wood offered to establish as

a fact that he did have the authority to and did release the claim of Wood-Watson Machine Works against Reed Wood Drilling Company, the court erred in not allowing Wood to amend his answer to meet this issue. In the case at bar the issue presented is whether Wood did have the authority to and did release the claim, which defendant states in his brief is $3,226.89.

The trial court found in favor of plaintiff on this issue, and such finding is not clearly against the weight of the evidence. Both Reed and Watson testified that there was no such indebtedness and that Wood did not release such indebtedness.

The defendant next argues that the trial court erred in finding that the indebtedness of $3,226.89 did not exist. He asserts that it was adjudicated that there was such an indebtedness in the two former cases. We agree that in Reed v. Wood, supra, the court assumed that the indebtedness existed. It was not an issue therein, for the case was reversed because of the trick and device used by the defendant to sell to plaintiff. It is also true that it is stated in Wood v. Reed, supra, that the indebtedness existed. But we cannot agree that this was an adjudication in Wood v. Reed, supra, that the indebtedness existed as argued by the defendant herein. Wood v. Reed, supra, merely adjudicated the right of Wood to amend his answer and cross-petition to have the issue decided. He did so amend his answer and cross-petition and the issue was determined against him in this respect and the finding on this issue is not clearly against the weight of the evidence. It has always been the contention of plaintiff that this indebtedness never existed but represented the contribution toward the interest which Watson and Wood held in the partnership. In this Reed has been consistently supported by Watson. The true issue at

the former trials and at the present trial was the value of the interest which plaintiff purchased. In Wood v. Reed, supra, plaintiff took the position that the value of the interest had been adjudicated for $5,000. In Wood v. Reed, supra, this court held against plaintiff's position. Likewise, we must hold against the defendant in his present contention that there is anything involved other than the actual value of the partnership interest to be purchased at the time the six notes were executed.

The trial court found that the interest was worth $6,000. This is $1,000 more than is claimed by the plaintiff to have been adjudicated in Wood v. Reed, supra. The finding of the trial court as to the value is not clearly against the weight of the evidence.

We think there is still another obvious error in the argument of the defendant that the court erred in finding the indebtedness did not exist. Regardless of whether we construe the former opinions as recognizing the so-called indebtedness, it was still the duty of the court to find whether the defendant had the authority to and did release the indebtedness. It is plain that if it did not exist it could not be released. The finding of the court that it did not exist is necessarily a finding that the defendant did not release the indebtedness.

We have repeatedly held that in a case of equitable cognizance where the issue is one of fact, the cause will not be reversed unless the finding is clearly against the weight of the evidence.

This is the only issue presented in the four propositions by the defendant in his brief in chief and his reply brief.

The judgment is affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.