LINDER et al. v. STAPP et al.

No. 32540. Feb. 4, 1947.

Rehearing Denied March 25, 1947.

*178 P. 2d 617.*

Fred L. Sikes, of Oklahoma City, for plaintiffs in error.

Howell & Deupree and Richard R. Linn, all of Oklahoma City, for defendants in error.

RILEY, J. Defendants in error, as plaintiffs and owners of lot 3 and the east half of lot 4, block 38, Maywood addition to Oklahoma City, sued to enforce a contract originally executed and recorded in the year 1926, by and between certain lot owners in said block, which contract had for its purpose a restriction upon the transfer by sale, lease, or grant, of any of the lots covered by the contract, to any person of the Negro, or African, race. The original contract was supplemented by two subsequent contracts in the year 1941, executed and recorded by lot owners in the same block. When the present action was commenced, 92% of the lots in said block were included in the restrictive covenants.

In October, 1944, by mesne convey-

ances, Wylie Graham and W. R. Linder, Negroes, became the owners of the property described as lots 27 and 28 in said block. The properties last described are now occupied under rental contracts contrary to the provisions of the restrictive covenants. Lots 27 and 28 involved were included in the restrictive covenants contained in the original contract.

The decree and judgment of the trial court sustained and enforced the contract, and plaintiffs in error have perfected this appeal.

The terms of the contract involved are identical with those considered and sustained, as to other lots within the same block, in Lyons v. Wallen, 191 Okla. 567, 133 P. 2d 555. Practically all the issues involved herein have been decided in Hemsley v. Sage, 194 Okla. 669, 154 P. 2d 577, and Hemsley v. Hough, 195 Okla. 298, 157 P. 2d 182. In the case first above cited, it was held:

"Contracts of the nature of the one here involved are not void as against public policy. . . . Such contracts are not prohibited by the Fifth, Thirteenth, and Fourteenth Amendments to the Federal Constitution."

The present assault upon the contract involved includes all grounds heretofore presented and adversely decided, except that it is now contended the evidence of record shows a changed condition so as to render inequitable enforcement of the restrictive provisions of the contract. The rule stated in Clark v. Vaughn, 131 Kan. 438, 292 P. 783, and Fairchild v. Raines, 24 Cal. 2d 818, 151 P. 2d 260, is sought to be invoked.

Upon this issue, the trial court made extended findings of fact inclusive of a finding that the original purpose of the contract had been obtained until the violation as alleged on the part of defendants. Under the rule stated in Fairchild v. Raines, supra, a changed condition resulting from a breach of contract involved in litigation cannot form the basis to deny enforcement of such a contract. The trial court found that there had been no substantial change in the area surrounding the particular block with reference to ownership and occupancy of the properties within that area.

The record shows that properties in the blocks immediately west, north, and east of block 38 are now occupied almost, if not entirely, by white persons, while properties in the block immediately south of block 38 are largely occupied by Negroes. Substantially that same condition existed when the contract involving the restrictive covenants was executed. That condition, not substantially changed, included the situation established by the evidence as to occupants of the property located upon one of the lots within the block, owned by the widow of S. D. Lyons. That particular property was never joined within the restrictive covenants of the contract.

The findings of the trial court are not clearly against the weight of the evidence.

Affirmed.

Rehearing Denied March 25, 1947.