## VAN METER v. MANION.

No. 24871.   Oct. 30, 1934.

Rehearing Denied Dec. 18, 1934.

Everest, McKenzie, Halley & Gibbens, for protestants.

Harlan T. Deupree, Municipal Counselor, for J. W. Van Meter.

O. A. Cargill and W. R. Graalman, for defendant in error.

OSBORN, J.  This is an appeal by J. W. Van Meter, as building commissioner of Oklahoma City, hereinafter referred to as defendant, from a judgment of the district court of Oklahoma county ordering the granting of a building permit to Harry Lee Manion, hereinafter referred to as plaintiff.

Plaintiff is the owner of the following described property: Lot 10 and the west 11.7 feet of lot 9, block 12, Winans Highland Terrace addition to Oklahoma City, Okla.

It appears that there is a frame structure on said lot in use as a dwelling house. Application was made to the building commissioner for permission to build a brick retail business building on said lot.  On June 26, 1932, the permit was denied and defendant perfected an appeal to the board of adjustment of Oklahoma City.  Due notice was given and a protest signed by 23 property owners in the affected area was filed. Other protests of interested parties were also filed. After a hearing the board of adjustment also denied the application for a permit, for the reason that there was a plat restriction against the carrying on of any business or merchandising on the property in question. Included in the order of the board was a finding that, due to the development of certain property for business purposes within the immediate vicinity of plaintiff's prop-

erty, and the increased traffic with the attendant noise and hazards thereby created, plaintiff's property had been rendered almost totally unfit for residence purposes, and is now suitable and useful for business purposes, and except for the plat restrictions against the use of the property for business purposes the permit would be granted. On account of the restrictions, the permit was refused.

Plaintiff then appealed to the district court of Oklahoma county, and after hearing, the court entered judgment setting aside the order of the board of adjustment and the building commissioner, and directed the building commissioner to grant the permit, provided the plans and specifications of the building complied with other city ordinances. From said judgment, defendant has appealed. No contention is made herein that the procedure here invoked is not a proper manner of presenting the determinative issue, and we shall give no consideration thereto.

It is agreed by the parties that the applicable portion of the plat restriction as affecting Winans Highland Terrace addition provides: "Upon none of said lots shall any business or merchandising or manufacturing be carried on. * * *"

Plaintiff's theory is stated in his brief as follows:

"Where the purpose of the restriction no longer exists, due, as in this case, to the general growth of a city, and due to a substantial change in the surrounding neighborhood and where the residential purposes, in so far as this plaintiff is concerned, can no longer be accomplished, and where if the restrictions should be rigidly enforced they cannot restore to this plaintiff the residential character of his property, the court will hold that a permit be granted and the restrictions be not enforced."

Some evidence was introduced which tended to show breaches of the restrictive covenant within the restricted area. Such violations were of minor importance, and since they are not seriously urged in the briefs, will be treated as waived. We therefore pass to a consideration of the change of conditions in the surrounding neighborhood.

Plaintiff's lot is on the corner, immediately southeast of the intersection of Northwest Twenty-Third street and North Walker avenue. It is shown that a rather extensive community center has been established in the block immediately north of plaintiff's property, consisting of drug stores, filling stations, restaurants, grocery stores, and other businesses; that immediately west of plaintiff's property is a small city park, 100 feet by 150 feet, and west of the park is a fire station; that there is a small apartment house on the northwest corner of block 12; that the traffic on Twenty-Third street and North Walker avenue has grown increasingly heavier, so that it has been necessary to install traffic lights and bells at the intersection. (Prior to the hearing on the motion for new trial, the bells were discontinued, and this fact was considered by the court in passing on the motion for new trial.)

Plaintiff testified that it had been increasingly difficult to rent his property for residence purposes. The witnesses generally agreed that plaintiff's property was more valuable for business purposes than for residence purposes.

It has been said that a restriction arising from a restrictive covenant is not an estate in land, as is a legal easement, but is purely a creature of equity arising out of contract. Welitoff v. Kohl (N. J.) 147 A. 390, 66 A. L. R. 1317. Cases of this nature are determined by the courts by weighing the equities of the parties, as they arise under contractual obligations and as they are affected by changing conditions and circumstances, either inside or outside of the restricted area.

In the case of Hurd v. Albert (Cal.) 3 P. (2d) 545, 76 A. L. R. 1348, quoting from Downs v. Kroeger, 200 Cal. 743, 254 P. 1101, it is said:

"The authorities unquestionably support the conclusion of the trial court in holding that, where there has been a change in the uses to which the property in the neighborhood is being put, so that such property is no longer residence property, it would be unjust, oppressive, and inequitable to give effect to the restrictions, if such change has resulted from causes other than their breach.

" 'It is evident that the purpose of the restrictions as a whole was to make the locality a suitable one for residences; and that, owing to the general growth of the city, and the present use of the whole neighborhood for business, this purpose can no longer be accomplished. If all the restrictions imposed in the deeds should be rigidly enforced, it would not restore to the locality its residential character, but would merely lessen the value of every lot for business purposes. It would be oppressive and inequitable to give effect to the restrictions; and, since the changed condition of the locality has resulted from other causes than their breach, to enforce them in this instance could have no other effect than to harass and injure the defendant, without effecting the purpose for which the restrictions were originally made. (Citing cases.)'

Jackson v. Stevenson, 156 Mass. 496, 31 N. E. 691, 32 Am. St. Rep. 476.

" 'It certainly is not the doctrine of courts of equity to enforce, by its peculiar mandate, every contract, in all cases, even where specific execution is found to be its legal intention and effect. It gives or withholds such decree, according to its discretion, in view of the circumstances of the case, and the plaintiff's prayer for relief is not answered, where, under those circumstances, the relief he seeks would be inequitable. Peters v. Delaplaine, 39 N. Y. 362; Margraf v. Muir, 57 N. Y. 155; Matthews v. Terwilliger, 3 Barb. (N. Y.) 51; Radcliffe v. Warrington, 12 Ves. (Eng.) 331. If for any reason, therefore, not referable to the defendant, an enforcement of the covenant would defeat either of the ends contemplated by the parties, a court of equity might well refuse to interfere, or if in fact the condition of the property by which the premises are surrounded has been so altered "that the terms and restrictions" of the covenant are no longer applicable to the existing state of things. 1 Story's Eq. Jur. (10th Ed.) sec. 750. And so though the contract was fair and just when made, the interference of the court should be denied, if subsequent events have made performance by the defendant so onerous that its enforcement would impose great hardship upon him, and cause little or no benefit to plaintiff.' Trustees of Columbia College v. Thacher, 87 N. Y. 311, 41 Am. Rep. 365.

" 'Under the circumstances now existing the covenant is no longer effective for the purpose in view by the parties when they make it, and the enforcement thereof cannot restore the neighborhood to its former condition by making it desirable for private residences. If the building restrictions were of substantial value to the dominant estate, a court of equity might enforce it, even if the result would be a serious injury to the servient estate, but it will not extend its strong arm to harm one party without helping the other, for that would be unjust. An injunction that bears heavily on the defendant without benefiting the plaintiff will be withheld as oppressive.' McClure v. Leavcraft, 183 N. Y. 36, 75 N. E. 961, 5 Ann. Cas. 45."

In the case of Koehler v. Rowland, 275 Mo. 573, 205 S. W. 217, 9 A. L. R. 107, it is said:

"Where circumstances are changed, owing to the natural growth of a city or of the present use of the whole neighborhood, so that the purpose of a restriction in a deed no longer can be accomplished, and it would be oppressive to give it effect, the courts will not enforce it."

See, also, Moore v. Curry, 176 Mich. 456, 142 N. W. 839; Kneip v. Schroeder, 255 Ill. 621, 99 N. E. 617, Ann. Cas. 1913D, 426; Devlin, Real Estate, par. 991c; Thompson v. Langan (Mo.) 154 S. W. 808.

In the case of Ward v. Prospect Manor Corp., 188 Wis. 534, 206 N. W. 856, 46 A. L. R. 364, it is said:

"Equity will not enforce restrictive covenants in deeds of lots in a tract of land where the character of the neighborhood is so changed as to make it impossible to accomplish the purpose intended by the covenants.

"Equity will not enforce restrictive covenants in deeds of lots in a tract where the violations have been so general as to indicate a purpose and intention on the part of the residents of the community to abandon the general scheme or purpose."

In the case of Pierce v. St. Louis Union Trust Co. (Mo.) 278 S. W. 398, it is said:

"Where substantial benefits inure to residents of restricted district by reason of enforcement of restrictive covenants, equity will restrain violation of restrictions."

To the same effect see: Rowland v. Miller (N. Y.) 34 N. E. 767, 22 L. R. A. 182; Landell v. Hamilton, 175 Pa. 336, 34 A. 666, 34 L. R. A. 227; Lattimer v. Livermore, 72 N. Y. 174; Brown v. Huber, 80 Ohio St. 183, 88 N. E. 322, 28 L. R. A. (N. S.) 705; Spahr v. Cape, 143 Mo. 129, 122 S. W. 383.

In view of plaintiff's contention that he is entitled to relief on account of an increased value of his property for business purposes, and a decreased value for resident purposes, the following authorities are pertinent. We quote from the body of the opinion in the case of Rombauer v. Compton Heights Christian Church (Mo.) 40 S. W. (2d) 545, as follows:

"On the other hand, the mere fact that, because of changed conditions in the adjacent territory, land so restricted to residential use will sell for more money for other uses does not signify the purpose of the restrictions has been defeated. If it continues to be reasonably fit for the contemplated residential use, and is so used, the circumstance that it can be sold at a higher price freed of the restrictions simply means each homeowner has a heavier investment in his property." (Citing cases.)

"Neither is it true that because a small part of a restricted district, lying along the edge or at the threshold thereof, is forced to bear the brunt of attack from outside commercial expansion, and as a result is impaired in value for the use prescribed by the restrictions—in these circumstances, we say it is not true that the restrictions will be abated as to the part so affected because

84

of the hardship visited upon that particular land as compared with the sheltered portions of the district. Thompson v. Langan, 172 Mo. App. 83, 154 S. W. 808; Benzing v. Harmon, 219 Mich. 532, 189 N. W. 69. The very purpose of the restrictions is to protect the property in the covenanted area from such invasions, Trustees of Columbia College v. Thacher, 87 N. Y. 317, 41 Am. Rep. 365; and if the restrictions are of substantial value to the covenantees, equity may enforce them though serious injury result to the servient estate. Batchelor v. Hinkle, 210 N. Y. 251, 104 N. E. 631."

In the case of Strong v. Shatto (Cal.) 187 P. 159, it is said:

"The mere fact that property has become more desirable or valuable for business than for residence purposes, where the restriction, notwithstanding the change of conditions, still is of substantial advantage to the dominant property, will not necessarily defeat application for equitable relief. Pagenstecher v. Carlson, 146 App. Div. 738, 131 N. Y. S. 413; Landell v. Hamilton, 175 Pa. 327, 34 A. 663, 34 L. R. A. 227; Spahr v. Cape, 143 Mo. App. 114, 122 S. W. 379."

In the case of Continental Oil Co. v. Fennemore (Ariz.) 299 P. 132, it is said:

"We adhere to the doctrine that the lot of appellant cannot be considered separate and apart from its relation to the entire restricted addition. Though there may be a fringe of property all around the borders of a restricted addition that would be more valuable for business than for residential purposes, this fact alone is not sufficient to warrant the breach of the restrictions by these owners. * * *

"The rule which we adopt is well stated in Swan v. Mitshkun et al., 207 Mich. 70, 173 N. W. 529, wherein the court said: 'Those owning property in a restricted residential district or neighborhood and especially those who have their homes there and have been led to buy or build in such locality by reason of restrictive covenants running with the land imposed upon the street, block or subdivision in which they have purchased, are entitled to protection against prohibited invasion **regardless of how close business may crowd around them on unrestricted property,** provided the original plan for a residential district has not been departed from in the restricted district, street or block and the restrictive requirements have been generally 'enforced or accepted and complied with by purchasers.' (Emphasis ours.)

"And also, in the case of Miles v. Clark et al., supra, as follows: 'The fact that apart from and surrounding the tract some business has grown up, and that the land has become more valuable in consequence, in no manner entitled defendants to be relieved of the restrictions they have created. This condition is but the natural result of the improvement of the various tracts, and the fact that the property may have become more valuable thereby for business purposes is immaterial.'

And also, in Bolin v. Silberstein, 200 Mich. 278, 189 N. W. 899, page 901 as follows: 'The fact that adjoining or surrounding property is now used for business purposes does not alter the character of the subdivision itself and the owners of property therein are entitled to have it preserved for the purpose for which it must be assumed they purchased it.'

"Practically all the modern authorities support this view. Strong v. Hancock, supra (258 P. 60.) Sanders v. Campbell, 231 Mich. 592, 204 N. W. 767; Evans v. Foss, 194 Mass. 513, 80 N. E. 587, 9 A. L. R. (N. S.) 1039, 11 Ann. Cas. 171; Cuneo v. Chicago Title & Trust Co., 337 Ill. 589, 169 N. E. 760; Dolan v. Brown, 338 Ill. 412, 170 N. E. 425; Todd v. North Avenue Holding Corp., 121 Misc. Rep. 301, 201 N. Y. S. 31, affirmed 208 App. Div. 854, 204 N. Y. S. 953; Frick v. Foley, 102 N. J. Eq. 430, 141 A. 172; Frick v. Northern Trust Co. et al. (N. J. Err. & App.) 146 A. 914; Hunter v. Wood, 277 Pa. 150, 120 A. 781; Brown v. Huber, 80 Ohio St. 183, 88 N. E. 322, 28 L. R. A. (N. S.) 705; Spahr v. Cape, 143 Mo. App. 114, 122 S. W. 379; Pierce v. St. Louis Union Trust Co., 311 Mo. 262, 279 S. W. 398; Ludgate v. Somerville, 121 Ore. 643, 256 P. 1043, 54 A. L. R. 837."

Although it is proper to take into consideration increased traffic and a congestion of streets bounding a restricted tract, this fact alone is not sufficient to warrant the releasing of affected property from restrictive covenants. Hurd v. Albert, supra.

In the light of the above authorities it is clear that we cannot determine plaintiff's rights without giving due consideration to the rights of other property owners in the restricted area, arising through the express provision of the plat restriction.

The original plan and purpose, according to the record, was to create in Winans Highland Terrace addition an exclusive residential district. It is not shown that the force of changing circumstances and conditions has operated to change the district from a residential district to a business or industrial district. No purpose or intent on the part of the residents to abandon the general scheme or purpose is shown. Neither is it shown that the original purpose, due to a change of conditions, can no longer be accomplished, but it does appear that substantial benefits still inure to residents in the district, and that the restrictions have been

observed and complied with up to the present time.

It may be that in the future there will be such an expansion of the business territory of Oklahoma City in the direction of the restricted district that the original scheme or purpose will be defeated, and at such time the courts will extend equitable relief to the interested parties by enjoining the enforcement of the restriction. But the fact that traffic has increased on the streets bounding the restricted area, and the fact that a suburban business district has been established adjacent to the district, and that other minor changes have occurred, coupled with the fact that plaintiff might profit by the establishment of a business on his property, is not sufficient to show that the original plan or purpose may no longer be accomplished, and does not justify an invasion of the rights of property owners in this district who relied upon the terms of the restrictive covenant when they purchased or built homes within the district.

In the light of all the established precedents, an examination of the record discloses that the judgment of the trial court is against the clear weight of the evidence, and it becomes the duty of this court to set aside the judgment and render such judgment as should have been rendered in the court be below.

The judgment of the trial court is reversed and the cause remanded, with directions to the trial court to enter a judgment confirming and sustaining the decision of the board of adjustment.

RILEY, C. J., and SWINDALL, McNEILL, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS, BAYLESS, and WELCH, JJ., absent.