Fox WOOD, R. H. McVey, J. E. Trigg, Sam P. Shelburne, G. Weaver Jordan and William J. Harris, Plaintiffs in Error,

v.

Blanche KNOX, E. S. Reville, M. H. Letterman, Annette F. Friedlander, Mrs. E. C. Freeman, Mrs. A. B. Turk and James J. Bily, Defendants in Error.

No. 36332.

Supreme Court of Oklahoma.

Dec. 14, 1954.

Robinson, Shipp, Robertson & Barnes, Oklahoma City, for plaintiffs in error.

Curtis P. Harris, Kennedy & Kennedy, Oklahoma City, for defendants in error.

WILLIAMS, Justice.

This action was brought by Fox Wood and others, hereinafter referred to as plaintiffs, for the purpose of enjoining Blanche Knox, E. S. Reville, M. H. Letterman, Annette F. Friedlander, Mrs. E. C. Freeman, Mrs. A. B. Turk and James J. Bily, hereinafter referred to as defendants, from violating certain plat restrictions contained in the dedication of Blocks 9 to 22, inclusive, of Winans Highland Terrace Addition to Oklahoma City, Oklahoma. The defendants own certain properties located in the north half of Block 12 of said addition, which is located on the south side of 23rd street between Walker Avenue and Hudson Avenue in Oklahoma City. Defendants contend that by reason of changed conditions inside and outside the addition the north half of said block has been destroyed for residential use; that their property is very valuable for retail merchandising

use, and that such use would not harm the plaintiffs, or the remainder of the addition; that the enforcement of the restriction would not inure to the benefit of the plaintiffs; that the changed conditions were not brought about by the acts of the defendants; that the original purpose of the plat restrictions had been defeated in so far as the defendants' properties are concerned. The defendants asked that plaintiffs' petition for injunction be denied as to this one-half block area, and that defendants have judgment enjoining the enforcement of the restrictive covenants in this one-half block area to the extent of allowing retail merchandising to be carried on therein.

The trial court found in favor of defendants, denied plaintiffs' petition for injunction and decreed that the north half of Block 12 might be used for the business of retail merchandising. The judgment was confined to the one-half block area, and left the plat restrictions in force as to the remainder of the addition. Plaintiffs' motion for new trial was overruled and they appeal.

As their first proposition of error plaintiffs urge that changed conditions in adjacent territory will not justify breaking down plat restrictions as long as the restrictions substantially benefit the addition. We do not consider such proposition applicable here, even if it be a correct statement of the law, however, since defendants do not contend and the trial court did not find that changed conditions in adjacent territory would justify the breaking of the plat restrictions here. Defendants contend and the trial court found that by reason of changed conditions inside and outside the addition the property in question has been destroyed for residential purposes. The evidence submitted, which is hereinafter more fully discussed, supports such contention and finding.

■ Plaintiffs next contend that the fact that a small portion of a restricted district must bear the brunt of outside commercial expansion does not justify or require relaxation of the restrictions on the small portion affected. In support of such con-

tention they cite Van Meter v. Manion, 170 Okl. 81, 38 P.2d 557; Southwest Petroleum Company v. Logan, 180 Okl. 477, 71 P.2d 759; O'Neil v. Vose, 193 Okl. 451, 145 P.2d 411; Rombauer v. Compton Heights Christian Church, 328 Mo. 1, 40 S.W.2d 545; and Continental Oil Company v. Fennemore, 38 Ariz. 277, 299 P. 132. These cases are all in general accord and hold that the mere fact that the property in question is more valuable for business purposes than residence purposes is not sufficient to warrant a breach of the restrictions so long as the original purpose of preserving a purely residential district can be accomplished. These cases do not hold, however, that where the property has been completely destroyed for residential purposes, as is the case here, that the owners thereof cannot obtain relief in equity from the burden of the restrictions. On the contrary, in Van Meter v. Manion, supra, which involved this same property and plat, but was decided in 1934, we said [170 Okl. 81, 38 P.2d 561]:

"It may be that in the future there will be such an expansion of the business territory of Oklahoma City in the direction of the restricted district that the original scheme or purpose will be defeated, and at such time the courts will extend equitable relief to the interested parties by enjoining the enforcement of the restriction."

The trial court was of the opinion and found that by virtue of the changes which had occurred since that opinion was promulgated the time therein referred to had now arrived in so far as defendants were concerned, and extended equitable relief accordingly. We are of the opinion that in so doing the court did not err.

As their third proposition, plaintiffs complaint of error in the admission of evidence by the court in three particulars, the Bartholomew Plan, the Zoning Ordinance of the City of Oklahoma City, and evidence relating to business enterprises located outside of the restricted addition. It should be noted that the Bartholomew Plan is an overall plan of orderly development and expansion of Oklahoma City worked out

by experts in that field which was submitted to and adopted by the city as a zoning ordinance. In other words, the Bartholomew Plan and the Zoning Ordinance of the City of Oklahoma City are one and the same. Plaintiffs say that zoning ordinances do not supersede plat restrictions, citing Southwest Petroleum Company v. Logan, supra, and that it was therefore error to admit such an ordinance in evidence. It is true that as a matter of law zoning ordinances do not supersede plat restrictions, and the trial court properly so hold. We find no case, however, which holds that such an ordinance is not admissble in evidence and may not be considered by the court as one of many changes in condition which may affect the area in question, and are of the opinion that the court did not err in this regard. The same is true of the evidence relating to business enterprises located immediately adjacent to the property in question but outside the restricted addition. We find no case which holds such evidence inadmissible. On the contrary, the Manion case, supra, is authority for the proposition that such evidence is admissible for whatever it might be worth. We therefore hold that the trial court committed no error in the admission of evidence.

As their last proposition, plaintiffs urge that the judgment of the trial court is contrary to, is not sustained by, and is against the weight of the evidence. While there was some conflict in the evidence, chiefly in the opinions given by the experts produced by the opposing parties, the evidence as a whole may be reasonably said to establish the following situation. Winans Highland Terrace Addition lies between Broadway Avenue on the east, Walker Avenue on the west, Sixteenth Street on the south and Twenty Third Street on the north, and comprises all this territory except six blocks lying between Robinson Avenue and Hudson Avenue, and Twentieth and Twenty Third Streets, which six blocks compose Winans Second Addition. Blocks 1 to 8 of said Winans Highland Terrace Addition were platted in 1907 and the plat contained certain restrictions not material here. Winans Second Addition was platted in 1909 and the plat contained certain restrictions also not material here. Blocks 9 to 22, which constitute the northerly portion of Winans Highland Terrace Addition, were platted in 1910 and contain the following restriction:

"Second, upon none of said lots shall any business of merchandising or manufacturing be carried on * * *."

Such restriction, incidentally is not the same as the restriction placed in the plat of blocks 1 to 8 or in the plat of Winans Second Addition. The particular property involved here is the north half of Block 12 of Winans Highland Terrace Addition which as previously indicated lies between Walker and Hudson Avenues and abuts on Twenty Third Street, and is owned by the defendants. Plaintiffs own lots located respectively in Blocks 9, 19, 10 and 22. The closest lot owned by one of the plaintiffs to the property herein involved is located two blocks south of defendants' property. No property owner in the south half of Block 12 or in Block 11, which is the block immediately south of Block 12, appeared to object to the relief sought by defendants. The property north of Twenty Third Street is not restricted.

The evidence reveals the following changes in condition to have occurred in and around the area in question. The north side of Twenty Third Street has become a solid wall of business establishments opposite the property in question and for some distance in either direction and parking meters have been installed on the north side of the street. Twenty Third Street has been widened into a four lane highway and is now a part of both U. S. Highway 66 and U. S. Highway 77. In widening the street, 10 feet was taken from the front of defendants' property, the trees and parkway were removed and parking is now prohibited in front of defendants' property. As a further result of the widening of Twenty Third Street the driveways on defendants' property have been left quite steep and are virtually unusable because of the heavy traffic on the street and the ordinances of the City of Oklahoma City

pertaining to traffic and parking along said street at said point. During a three hour period in which a count was made, the traffic on Twenty Third Street was so heavy that 11,683 vehicles passed in front of defendants' property. Hudson Avenue, which abuts defendants' property on the east and runs through the Addition in a north-south direction has been made a one-way street because of traffic conditions. Almost every type of business except that of merchandising or manufacturing has invaded the restricted area and is now being carried on there. There are or have been operating in the restricted area, such business as dentists, termite exterminating business, cleaning shops, beauty shops, naturopathic clinic, insurance agencies and various types of personal services. Such businesses are not prohibited by the plat restrictions, but they have certainly changed the character of the property in question from one of exclusively residential property to one of predominantly business property. The property of defendants has been zoned for business purposes by the City of Oklahoma City, whereas the south half of the block and the remainder of the addition lying south thereof has been zoned for residential purposes. The evidence further reveals that defendants' property is now being taxed for ad valorem purposes at a rate approximately five times greater than the property immediately adjacent on the south, the county assessor having assessed the defendants' property at the rate of $4,000 per 50 feet front on the theory that it was business property. The houses located on defendants' property have become old and in need of repair, but because of the undesirability of the location for residence purposes cannot be rented for enough money to make such repairs economically feasible. It should be noted also that these changes in condition were not brought about by the acts of the defendants.

Expert testimony was offered by defendants that the use of defendants' property for retail merchandising would not harm the rest of the addition in any way, and the trial court so found.

Under such circumstances we cannot say that the judgment of the trial court is against the clear weight of the evidence. On the contrary we are constrained to say that the evidence amply sustains the judgment. In a case of purely equitable cognizance, the decisions of the trial court on the evidence will not be reversed unless against the clear weight thereof. Ashur v. McCreery, 150 Okl. 111, 300 P. 767.

Judgment affirmed.

HALLEY, C. J., and JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, O'NEAL and BLACKBIRD, JJ., concur.