Ray A. **TOWER** et al., Plaintiffs in Error,

v.

**MUDD REALTY COMPANY,** a Corporation and Vernon L. Mudd, Defendants in Error.

No. 37642.

Supreme Court of Oklahoma.

Nov. 5, 1957.

Poe, Murdock & Langford, Tulsa, for plaintiffs in error.

Blackstock & Jones, Tulsa, for defendants in error.

DAVISON, Justice.

By this suit, the plaintiffs, Ray A. Tower and numerous other owners of lots in an addition to Tulsa, Oklahoma, seek to perpetually enjoin the defendants, Mudd Realty Company, a corporation, and Vernon L. Mudd, from constructing the necessary facilities for, and from opening and operating an automobile parking lot on a certain tract or parcel of land in said addition. The parties will be referred to as they appeared in the trial court.

The plaintiffs were owners and occupants of various lots in a residential addition known as Bellaire Acres, Second Extension. The corporate defendant was the owner of a certain tract therein identified as Lots 1 to 8 inc. in Block 19. The gist of this litigation is stated in the following paragraph of plaintiffs' petition, to-wit:

"Contrary to the Dedication restrictions limiting Lots 1 to 8, inclusive in Block 19 in said Addition, to residential lots with single or multiple dwellings thereon, defendants at this time are in the process of levelling, grading and preparing said lots, and each of them, for the use thereof for public and private parking in connection with the shopping center immediately West of said lots, and threaten to and will, unless enjoined, prepare said lots and use the same for such public and private parking in violation of the said restrictions, thereby converting the said lots from residential purposes to which they are dedicated." (The shopping center referred to had been built on lots designated for that purpose in the plat.)

The trial court denied the injunction and the plaintiffs have perfected this appeal. The primary question for our determination is whether or not the defendants' contem-

plated use of said property was a violation of the following restriction contained in the dedication.

"4. Lots 7 and 8, in Block 18, Lots 1 to 8, inclusive, in Block 19, shall be known and described as residential lots with single or multiple family dwellings thereon, and all other lots in said Addition except Lots 5 and 6 in Block 18 and Lots 9, 10, and 11, in Block 19, Lot 6 in Block 15, which shall be unrestricted, shall be known as and described as residential lots and no structure shall be errected on any residential lot other than one detached sinele-family house, not to exceed one and one-half (1–L) stories in height and not more than a 2-car garage."

The judgment appealed from contains finding that the restrictive provisions were ambiguous and did not specifically prohibit the operation of such parking facilities; that, because of the use of the particular tract by those attending a near-by church, for parking purposes, there has been a change in the condition of the neighborhood; that the rezoning of the property by the City authorities to permit such use was evidence of such change in conditions; that the contemplated use of said property would not result in any damage to plaintiffs; but further found that the plat restrictions did prohibit the erection or maintenance of any buildings or structures except said off-street parking facilities.

■ In considering the proposition above stated which was determined by the trial court in the first and last findings hereinabove outlined, it is found that the exact question has not heretofore been determined by this court. However,

"Covenants restricting the use of real property, although not favored, will nevertheless be enforced by the courts, where the intention of the parties in their creation is clear, and the restrictions or limitations are confined within reasonable bounds. In construing such covenants, effect is to be given to the intention of the parties as shown by the language of the instrument, considering in connection with the circumstances surrounding the transaction and the object sought to be accomplished by the parties." Christ's Methodist Church v. Macklanburg, 198 Okl. 297, 177 P.2d 1008.

■ What, then, was the intention of the parties herein as expressed by the provision that " * * * Lots 1 to 8, inclusive, in Block 19, shall be known and described as residential lots with single or multiple family dwellings thereon and all other lots * * * except * * * shall be known as and described as residential lots and no structure shall be erected on any residential lot other than one detached single family house etc."? A very similar restriction was interpreted by the Louisiana Court in the case of Harris v. Pierce, La.App., 73 So.2d 330, 332, wherein the restriction was that "All lots in the tract shall be known and described as residential lots. No structures shall be erected, altered, placed or permitted to remain on any residential building plot other than one detached single family dwelling, * * *." It was held that such provision constituted a dedication of the property to residential purposes only. A careful study of the restrictive provision here involved leads to but one conclusion, namely, that it was intended thereby to restrict the property to residential purposes only with some of the lots restricted to single family houses and others restricted to single or multiple family dwellings. The construction and operation of a parking lot on defendant's lots was prohibited by the restriction.

■ The evidence of change of condition was not sufficient to show "that the original purpose and intent of the restrictions have been altered or destroyed by changed conditions, and there is not sufficient evidence that the original purpose cannot be accomplished as to the owners of (the other restricted lots) and that substantial benefits may not yet inure to the residents of said block by the enforcement of said restrictions." O'Neil v. Vose, 193 Okl. 451, 145 P.2d 411, 416, quoting Mag-

nolia Pet. Co. v. Drauver, 183 Okl. 579, 83 P.2d 840, 844, 119 A.L.R. 1112.

■ The rezoning of the property "for purposes other than residential, does not supersede the original plat restrictions *, * so as to prevent the enforcement of such restrictions." Magnolia Petroleum Co. v. Drauver, supra, following Southwest Petroleum Co. v. Logan, 180 Okl. 477, 71 P.2d 759.

■ The trial court in the instant case should have enforced the restrictive covenant of the plat and dedication by issuing an injunction against the defendants' contemplated construction and maintenance of the parking lot.

The judgment is reversed and the cause remanded with instructions to grant plaintiffs the relief sought.

WELCH, C. J., CORN, V. C. J., and HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.