Jack KYTLE, Individually and D/B/A Southwestern Realty Company, Plaintiff in Error,

v.

Pruitt PECK, Helen Peck, Arthur Mieling, Imogene Mieling, in person and for all persons similarly situated, and George Barber, Defendants in Error.

No. 38015.

Supreme Court of Oklahoma.

Sept. 23, 1958.

Warren F. Chrisman, Bledsoe, Nicklas & Chrisman, Lawton, for plaintiff in error.

Arthur L. Cavanagh, Richardson & Cavanagh, Lawton, for intervener.

Charles W. Jennings, Lawton, for defendants in error.

BLACKBIRD, Justice.

This appeal involves an action commenced by the defendants in error, Pruitt and Helen Peck, husband and wife, and Arthur and Imogene Mieling, also husband and wife, against the plaintiff in error and others, as defendants, to enjoin their alleged violation of certain residential building restrictions in Unit One of the Stephens Addition to the City of Lawton, Oklahoma, by maintaining a real estate business on a lot in said Unit, now owned by one of said defendants, Jack Kytle. The portion of said Addition nearest the properties involved is depicted on the drawing which appears below. Though crude, and not drawn to scale, or completely accurate, it will save many words in describing the geographical factors involved herein.

Carl Stephens platted Unit One during or before January, 1947, and established the Stephens Real Estate Agency in a structure referred to as the "Log Cabin" at the southeast corner of 22nd Street and Atlanta Avenue. In the plat, a certain area was set aside for, and there has been constructed thereon, what is referred to as the Stephens Shopping Center. The businesses in this shopping center are located on that part of Block One of said Addition designated as Lots 29–33, both inclusive, and Lot One of said block, being in the southeast corner of the Unit, or the northwest corner of the intersection of Cache Road, otherwise known as U. S. Highway No. 62, and 21st Street, otherwise known as "Sheridan Road." On Lot 28 and the back, or western, end of Lot 2 of said block, a parking area for the shopping center has been provided.

Twenty-first Street, or Sheridan Road, is a thoroughfare, and one of the three access roads to Fort Sill from within the City of Lawton, and is heavily traveled. By a Lawton ordinance enacted in 1955, the east side of Sheridan Road and Cache Road to Fort Sill was zoned for retail business and light manufacturing. On that side of said road, numerous shops and retail businesses have been established. Some of them must be directly across Sheridan Road from, and face, Unit One, though the record does not furnish sufficient identifying information as to just how many.

In 1948, while Carl Stephens was maintaining his real estate agency in the Log Cabin at 22nd Street and Atlanta Avenue, plaintiff in error's Southwestern Realty Agency was established in a frame residence situated on Lot 19 of Block 3 of said Unit, on the northwest corner of Sheridan Road and Baltimore Avenue. At some time before commencement of this action, defendants constructed a brick and glass business building front on this house and erected a large flood lighted sign between it and the street, and almost completely covered the grass lawn in front of the structure with gravel to make an automobile driveway and parking space.

The home in which the Pecks reside is just across Baltimore Avenue from the Southwestern Realty establishment, and the Mielings' home is located on the lot adjoining said realty office site on the west,

all as indicated on the map below. Also as indicated thereon, the home of a Mr. Rasco, one of the defense witnesses, is north of the Southwestern Realty's site; but there is an establishment called "Carol's Kindergarten", which, the testimony seems to indicate, is between said office and the Rasco property. As further indicated by the map, a lot which adjoins the Mielings' property on the north, is occupied by the home of a Mr. Barber, who entered the case as an intervener, but who will hereinafter be included in our further reference to defendants in error, as plaintiffs. Further reference to plaintiff in error will be by his trial court designation of "defendant."

The plat restrictions filed in the county clerk's office by Carl Stephens on January 24, 1947, which plaintiffs sought, by this action, to enforce against defendants, as owners and operators of Southwestern Realty, read in part as follows:

"The proprietor declares that the aforesaid lands shown on the plat above referred to is held and shall be conveyed subject to the reservations, restrictions and covenants herein set forth as follows:

"1. All lots in the tract shall be known and described as residential lots except lot 1, 29, 30, 31, 32, 33, Block One, Lots 13 through 19, Block 5, and Lot 22 and 23, Block 6, which are business lots.

"No structure shall be erected, altered, or permitted to remain on any residential building plot other than one detached single-family dwelling, dwelling not to exceed two and one-half stories in height and a private garage for not more than two cars.

"2. No building shall be located nearer to the front lot line or nearer to the side street line than the building set back lines shown on the recorded plat. In any event, no building shall be located on any residential building plot nearer than 25 ft. to the front lot line, nor nearer than 15 ft. to any side street line; except that on all building lots abutting Cache Road.

\* \* \* \* \* \*

"4. No noxious or offensive trade or activity shall be carried on upon any lot nor shall anything be done thereon which may be or become any annoyance or nuisance to the neighborhood."

At the trial, defendants took the alternative position that: (1) The above quoted restriction "1" (which is the only one directly involved in this appeal) is ambiguous, and does not specifically prohibit the operation of business establishments on lots such as defendant Kytle's; and, (2) If said restriction be construed to constitute such a prohibition, it has been disregarded to such an extent that it is of no benefit to residents of Unit No. 1, and now serves no legitimate purpose.

After hearing the evidence, the trial court entered judgment in favor of plaintiffs, granting the injunction against defendants. Thereafter, defendant Kytle perfected the present appeal.

The argument under the first proposition, said defendant urges for reversal, all relates to his contention that the above quoted portion of the restrictions does not restrict the use of his property. He says there is a difference between restrictions against the erection of buildings and those against the use of buildings for business purposes. As examples, he cites the restrictions involved in Crane v. Hathaway, 132 A. 748, 4 N.J.Misc. 293, and Vandershoot v. Kocher, 190 Misc. 1, 72 N.Y.S.2d 121. He further says that the term "residential lots" as used in the subject restrictions only directs how the lots referred to therein shall be "known and described", and does not purport to relate to or restrict, their use. In attempting to demonstrate what he refers to as the "ambiguous nature" of the restrictions, he points to the use of the word "structure" and the absence of the word "use" from the second paragraph of restriction "1". He also points to the word "building" in restriction "2" and says it is used "interchangeably" and as applying to structures on "business lots" as well as those on residential lots. He also says that in the prohibition contained in restriction "4" against "noxious or offensive" trades or activities "upon any lot", there is the "implication that some activity may be carried on other than purely residential or domestic activities."

Defendant says that in Buck v. Dunn, Okl., 275 P.2d 296, this court recognized that restrictions must be clearly worded and strictly construed and that they "are commonly used" for purposes other than restriction of lots' use.

He further maintains that if he had intended that restriction "1" be construed as prohibiting the use "for business purposes" of the lots referred to therein, the dedicator,

Carl Stephens, might have so provided by explicit language; and he cites cases for the rule that restrictions will not be enlarged by implication. He also refers to the undisputed use by the said Stephens of the lot at 22nd Street and Atlanta Avenue for the site of his "Log Cabin" realty office for several years before defendants established Southwestern Realty, and argues that this shows said dedicator did not interpret the restriction as proscribing such use.

Defendant also mentions the fact that his Southwestern Realty was in operation in Unit One for 9 or 10 months before anyone complained about such use of said lot. He takes this to mean that the residents of the unit did not construe said use as a violation of the subject restrictions.

 As conclusive against defendant's argument, plaintiffs cite the recent case of Tower v. Mudd Realty Co., Okl., 317 P.2d 753, 755. There the controlling restriction was worded much the same as restriction "1" here, and also contained the controversial expression: " * * * shall be known (as) and described as residential lots * * *". There, we held that said restriction prohibited the operation of a parking lot on the lots covered thereby. We are not impressed with defendant's attempt to distinguish that case from the present one and can perceive of no valid reason why that opinion is not controlling as to defendant's Proposition No. 1. We therefore hold, that under the plain and unambiguous wording of restriction "1", the operation of defendant's realty business on the residential lot, described as Lot 19 of Block 3, in Unit One, is prohibited.

 Proposition No. 2, advanced by defendant, is as follows:

"The area in which defendants' property is located has become occupied with other businesses and partially surrounded by businesses including those prohibited and by such intrusion the primary purposes of said restrictions have been practically destroyed insofar as the defendants' property is concerned."

In support of this proposition, defendant seeks to show that under our opinion in Wood v. Knox, Okl., 277 P.2d 982, and particularly the second paragraph of the syllabus thereof, the trial court would have been justified in refusing the injunctive relief granted the plaintiffs; and, under the evidence in this case, should have done so. His counsel say: "Of course, it is always a question of degree in determining whether or not there has been such intrusion of businesses within an area to justify the Court in refusing to enforce restrictions. We are of the opinion that because of the extremely rapid growth of businesses in this area that more injury can and will result from enforcing the restrictions than from refusing to enforce * * * (them) as to the lots facing on 21st street * * *", and particularly the one in question. The situation shown by the evidence in this case is not the same as that in Wood v. Knox, supra. There a variety of businesses had already been established *within* the restricted area and partially surrounding the property involved, while here only defendant's and Stephens' real estate businesses and a kindergarten have been located within the restricted area. In that case, the closest lot owned by one of the plaintiffs to the property involved therein was two blocks away, while here plaintiffs' properties are all close enough to defendant's to be readily affected by such activities as are carried on there. There are other facts distinguishing the two cases, but, in our opinion, those mentioned are sufficient to show that the trial court's judgment herein was not contrary to the rule laid down in that case. Nor is it clearly against the weight of the evidence. Nor, on the basis of the evidence, does it do violence to anything said in Wood v. Knox, supra. In view of the foregoing, the judgment of the trial court is hereby affirmed.