483 P.2d 1137 (1971)
MAYFAIR BUILDING CO., a corporation, successor in interest to Mayfair Heights, Inc., a corporation, Mae Frances Brock, a widow, Jewell Inez Kidd, Don R. Groth and wife, A.M. Groth, Ramon R. Osterman and wife, Naomi M. Osterman, Plaintiffs in Error,
v.
S & L ENTERPRISES, INC., a corporation, Defendant in Error.
No. 42694.
Supreme Court of Oklahoma.
April 13, 1971.
Milton R. Elliott, Oklahoma City, for plaintiffs in error.
McClelland, Collins, Sheehan, Bailey & Bailey, by H.B. Scoggins, Jr., Oklahoma City, for defendant in error.
*1138 LAVENDER, Justice:
Trial court designations of parties will be used. Mayfair Heights Addition to Oklahoma City was platted in 1947. The dedication and plat contains a restriction upon use of property in the addition to single and multiple family dwellings. Plaintiff purchased its property in 1962. Plaintiff's property may be used for either purpose.
Plaintiff seeks exemption of its property from the burden of the restriction on the ground of change of condition in the area. There is no contention of ambiguity in the restrictive provision. All of the property subject to the restriction has been improved by the construction of residential units  single or multiple family type  except the unimproved tract owned by plaintiff and except that the municipality, in 1950, built and now maintains a fire station on two of the lots in the addition.
On the issues encompassed in this appeal the trial court found that after 1947 and after 1950 there occurred significant and material change in the area immediately adjacent on the north and on the west of plaintiff's land which materially and substantially affected and altered the character of the neighborhood in general; that enforcement of the restriction is unreasonable and has the effect of completely destroying the value of plaintiff's property; that prudence does not admit of present use in accord with the restriction, and that the original purpose and intention of the restriction has been destroyed and cannot now be accomplished. The trial court further found that continued enforcement of the restriction is of no substantial benefit to any property owner in the addition and exemption of plaintiff's land therefrom will not be detrimental to the remaining owners.
In an equity case this court will examine the whole record and will reverse the judgment of the trial court if found to *1139 be against the clear weight of the evidence or contrary to established principles of equity. Rees v. Briscoe (1957), Okl., 315 P.2d 758, 759; Board of County Commissioners of Rogers County v. Cottingim (1969), Okl., 448 P.2d 1014, 1017.
Evidence adduced by plaintiff discloses that plaintiff corporation had made some effort to finance construction of a multi-family dwelling consisting of thirty-two units and was unsuccessful. Decision was then reached to build a commercial building. At least one proposed sale of the unimproved land by plaintiff failed to materialize, inferentially because of the restriction.
Another witness for plaintiff, a registered civil engineer and former Director of City Planning Commission, testified that the highest and best use of the land would be commercial, and that, since the dedication, the character of the neighborhood had materially changed to business and commerce. Plaintiff's land is situated on the south side of Northwest 50th Street some three hundred feet east of North May Avenue, and the commercial and business development is on May Avenue and on the north side of Northwest 50th Street, and none within the restricted area except for a fire station mentioned earlier. The witness expressed the opinion the tract is too small to accommodate an economically feasible development. On cross-examination the witness readily stated the land could be used for multi-family dwelling purpose and for single family dwelling, or a duplex dwelling, although such use would not be the highest and best use. Another witness, a realtor, testified the site is unsuitable for living quarters. The witness elaborated his testimony by stating the site could accommodate maximally a multi-family dwelling of twenty-three units but such development was uneconomic. Another realtor testified for plaintiff to the effect the highest and best use would be commercial and that multi-family developments of less than fifty units usually contemplate owner management and occupancy. The witness also testified that the land subject to restrictions had a market value of seventy-five cents per square foot and, if unrestricted, $2.50 per square foot.
By stipulation the record discloses the restricted area to be fully developed except for the tract here in litigation and that the single family dwellings range, in fair market value, from twelve to twenty-five thousand dollars. Plaintiff seeks no relief on the basis of an increase in vehicular traffic in the area as one of the "changes in conditions."
Plaintiff relies principally upon Wood v. Knox (1954), Okl., 277 P.2d 982 and Noyes v. McDonnell (1965), Okl., 398 P.2d 838, which cases are readily distinguishable on the facts presented. Both opinions relate facts supportive of a finding of changed conditions both inside and outside the additions and in each case the land involved had practically been destroyed for the restricted purposes originally intended. The trial court finding in this cause, although similar in effect to the last cited cases, is not supported by similar evidence. There has been no development within the restricted area discordant with the restrictive provision, except for the construction of the fire station. Construction of a fire station without objection is not evidence of an intent on the part of the named defendants or the class they represent to thereupon forsake the protective mantle of the restrictive covenant or to abandon the original plan for the addition.
In reversal of a trial court judgment striking down a restrictive covenant, this court in Van Meter v. Manion (1934), 170 Okl. 81, 83, 38 P.2d 557, 560, found that judgment contrary to the clear weight of evidence, noting that there was no purpose on the part of other residents to abandon the original scheme, nor that the purpose was impossible of attainment, and that substantial benefit inured to those seeking enforcement of the restriction. The far greater value of the lands, if relieved of the burden, was urged as persuasively significant. The applicable rule is recited in Van Meter, supra, that this court will, in *1140 each case, weigh the equities under the contractual obligation and as those equities have been affected by changing conditions and circumstances inside and outside the restricted area. The decision in Southwest Petroleum Co. v. Logan (1937), 180 Okl. 477, 71 P.2d 759, is to the same effect. The question is not whether persons of a particular life style have or henceforth will hold property in the restricted area, but whether the restriction has so far served to preserve the character of the area as the restriction was originally intended to do. Here the character has been preserved. This litigation is a part of the process of preservation.
Covenants restricting the use of real property, although not favored, will nevertheless be enforced by the courts. Tower v. Mudd Realty Co. (1957), Okl., 317 P.2d 753, 755. Tower, supra, although it involved ambiguity in the restriction, is supportive of the decision in this cause because of the very similar factual situation. See also, Christ's Methodist Church v. Macklanburg (1947), 198 Okl. 297, 177 P.2d 1008, although Macklanburg was an appeal from trial court's disposition on demurrer to the petition. Macklanburg declares the law well settled that a general plan for improvement or development of a tract of land designed to make that land more attractive for residential purposes by restriction on use, either by dedication or deed, is enforceable, citing Vaughn v. Lyon (1927), 122 Okl. 179, 252 P. 1088. See also, Kytle v. Peck (1958), Okl., 330 P.2d 189.
The judgment of the trial court for plaintiff is contrary to the clear weight of the evidence and contrary to established principles of equity. The judgment is accordingly reversed and the cause remanded with directions to enter judgment for defendants.
WILLIAMS, JACKSON, HODGES, and McINERNEY, JJ., concur.
DAVISON, V.C.J., and BLACKBIRD and IRWIN, JJ., dissent.